UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH SCOTT,

                        Plaintiff,

      v.

DANIEL CAMBISI, both individually and in
his official capacity as a Monroe County Deputy
Sheriff Jailor,

                        Defendant.
_____

<u>DECISION & ORDER</u>

20-CV-6388MWP

        On August 8, 2023, plaintiff Kenneth Scott filed a motion to seal documents that are purportedly subject to a stipulated confidentiality order entered in this matter (Docket # 15) and that were submitted in connection with opposition to defendant's motion for summary judgment (Docket ## 43-1, 44, 45).  (Docket # 47).  Scott represents that several of the exhibits he submitted qualify as confidential pursuant to the stipulated confidentiality order.  (Docket # 47-1 at ¶ 3).  He further represents that defendants do not oppose his request to seal the exhibits.  (*Id.* at ¶ 4).  For the reasons discussed below, the Court denies plaintiff's motion to seal without prejudice.

        "Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution." *In re IBM Arbitration Agreement Litig.*, 2023 WL 4982010, *6 (2d Cir. 2023) (quoting *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020)).  "The presumption of access is based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of

accountability and for the public to have confidence in the administration of justice." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

In order to overcome the presumption of public access to judicial documents, it is necessary for the Court to make "specific, on-the-record findings that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  Moreover, "the Second Circuit has emphasized that the weight of the presumption as it relates to documents filed in connection with summary judgment motions 'is of the highest: documents used by parties moving for, or opposing, summary judgment should not reman under seal *absent the most compelling reasons*.'"  *Moroughan v. Cnty. of Suffolk*, 2021 WL 280053, *2 (E.D.N.Y. 2021) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d at 123).

Plaintiff's explanation for why sealing is warranted is limited to his contention that the parties have agreed to classify "various exhibits" as confidential pursuant to the stipulated confidentiality order.  (Docket # 47-1 at ¶ 3).  However, it is well-established that "[c]onfidentiality agreements alone are not an adequate basis for sealing" and "[m]aterial designated as [c]onfidential by a protective order 'might not overcome the presumption of public access once it becomes a judicial document.'"  *Metcalf v. TransPerfect Translations Int'l, Inc.*, 2022 WL 2116686, *1 (S.D.N.Y. 2022) (quoting *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015)).

Moreover, plaintiff's motion to seal is not narrowly tailored.  Several of the exhibits which plaintiff seeks to seal do not appear on their face to contain any confidential information.  For instance, the first exhibit is the Notice of Claim plaintiff filed with Monroe County.

Accordingly, the Court denies the pending motion to seal (Docket # 47) without prejudice to renewal. If either party wishes to pursue the request to seal, it must file a properly supported, narrowly-tailored sealing motion by no later than **August 25, 2023**. The parties are cautioned that any such motion should be well-supported and that "conclusory statements about the alleged confidentiality of the information [are insufficient] to support sealing." *McCane v. Wilkowski*, 2023 WL 2965135, *3 (W.D.N.Y. 2023).

The documents at issue are currently sealed on the Court's electronic docket and will remain sealed until August 25, 2023. If no motion is received by that date, the documents will be unsealed by the Court.

**IT IS SO ORDERED.**

                                            *s/Marian W. Payson*
                                            MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
       August 11, 2023