UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KENNETH SCOTT,

Plaintiff,

v.

DANIEL CAMBISI,

Defendant

**DECISION AND ORDER**

6:20-CV-06388 CDH

## BACKGROUND

Plaintiff Kenneth Scott ("Plaintiff") brought this action against Daniel Cambisi ("Defendant"), asserting a claim of excessive force pursuant to 42 U.S.C. § 1983 in connection with an incident during Plaintiff's pretrial detention at the Monroe County Jail ("MCJ"). (Dkt. 1). The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Dkt. 12).

On February 29, 2024, Magistrate Judge Marian W. Payson, who was then the presiding judge in this case, entered a Decision and Order granting Defendant's motion for summary judgment and dismissing Plaintiff's excessive force claim without prejudice. (Dkt. 55). Judge Payson's Decision and Order was based on the determination that Defendant had "established that [Plaintiff] failed to exhaust administrative remedies" as required by the Prison Litigation Reform Act of 1995 ("PLRA"), and that Plaintiff had "failed to raise a triable issue of fact that those remedies were unavailable." (*Id*. at 27). The Clerk of Court entered judgment in favor

of Defendant on March 1, 2024. (Dkt. 56).

On August 11, 2025, the Court received a letter motion from Plaintiff requesting an extension of time to file a motion pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. 58). Plaintiff's letter also notified the Court that he is no longer represented by his previous counsel and is now proceeding in this matter *pro se*. (*Id.* at 1). On August 12, 2025, this case was reassigned to the undersigned for all further proceedings. (Dkt. 59).

On August 14, 2025, the Court entered an Order denying Plaintiff's request for an extension of time. (Dkt. 60). The Court explained that Plaintiff had not provided "any details regarding the underlying basis for his anticipated Rule 60(b) motion," such that the Court could not know what time limitation would apply to the motion. (*Id.* at 2). The Court further explained that it is not permitted under the Federal Rules to grant an extension of time to file a Rule 60(b) motion. (*Id.*) (citing Fed. R. Civ. P. 6(b)(2)). The Court advised Plaintiff "that if he chooses to file a Rule 60(b) motion, he should explain the reasons for any delay in filing the motion, in addition to the underlying basis for seeking relief from the judgment," and the Court would "then consider whether the motion was filed within a reasonable time[.]" (*Id.* at 2-3).

On September 10, 2025, Plaintiff filed a motion, dated August 15, 2025, "seek[ing] relief from the judgment rendered on Feb. 29th, 2024." (Dkt. 61 at 1).[1] In

[1] At the end of his motion, Plaintiff articulates his request for relief as being "allowed to file and serve an amended complaint." (Dkt. 61 at 3). To be clear, even when a plaintiff seeks relief from final judgment to file an amended complaint, "[i]t is Rule 60(b)'s standard—and *only* Rule 60(b)'s standard—that applies." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 214 (2025); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) ("A party seeking to file an amended complaint

his motion, Plaintiff appears to assert that his previously retained counsel made certain omissions that "can be deemed a mistake, inadvertence, surprise, or excusable neglect." (*Id.*). Specifically, Plaintiff claims that his former counsel erred in: (1) "filing in the complaint the 'Plaintiff fear retribution,' as excuse of not complying with MCJ; PLRA"; (2) "fail[ing] to inform the court in a elaboration of the fact there was no grievance system available to him, and the actions of Cambisi delegation to deny him rec, paper and grievance forms"; and (3) "mak[ing] no mention of PLRA, and MCJ flawed system by utilizing the Hemphill v. New York 380, f.3d (2d Cir. 2004)." (*Id.*).

Although the Court set a deadline for responses to Plaintiff's motion (*see* Dkt. 62), Defendant did not file any response and has not made any filings since the Court's grant of summary judgment.

On October 1, 2025, Plaintiff filed an undated letter motion stating:

> My question to you and the Court is do I have to put in a motion for a Relief from Judgment? Or is that for the defendant to do? If it is for both me . . . and the defendant . . . to file a motion[,] I request an extension being that I do not have access to the Law Library to be able to perfect a motion.

(Dkt. 63 at 1).

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 60(b) permits a court to relieve a party from final judgment under certain enumerated circumstances. Fed. R. Civ. P. 60(b). As relevant here, "Rule 60(b)(1) allows for relief from judgment based on 'mistake,

---

postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b).").

inadvertence, surprise, or excusable neglect.'" *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting Fed. R. Civ. P. 60(b)(1)). Another provision, Rule 60(b)(6), "provides a catchall for 'any other reason that justifies relief.'" *Kemp v. United States*, 596 U.S. 528, 533 (quoting Fed. R. Civ. P. 60(b)(6)).

Because Rule 60(b) "allows extraordinary judicial relief, it is invoked only if the moving party meets its burden of demonstrating exceptional circumstances." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994) (quotation omitted). "Generally, courts require that the evidence in support of the motion to vacate a final judgment be highly convincing, that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (quotation and citations omitted). "Although a *pro se* motion is read liberally and interpreted to raise the strongest arguments suggested, a *pro se* litigant is not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion." *Spaulding v. New York City Dep't of Educ.*, 407 F. Supp. 3d 143, 149 (E.D.N.Y. 2017) (quotation omitted).

Rule 60(c) provides that a "motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). For motions under Rule 60(b)(1), a "reasonable time" is limited to "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.* "This limitations period is absolute." *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (quotation omitted). A court's typical discretion to grant extensions of time for good cause does not apply to Rule

60(b) motions. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule[] . . . 60(b)." (emphasis added)). Motions under Rule 60(b)(6) must be made within a reasonable time but are not subject to the additional one-year time limit. *Kemp*, 596 U.S. at 533.

## II. Plaintiff's Rule 60(b) Motion

Because a motion under Rule 60(b)(1) needs to be filed within one year of the entry of judgment, whereas a motion under Rule 60(b)(6) must only be filed within a reasonable time, "[p]roper characterization of [the] Rule 60(b) motion is a threshold issue." *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023). Here, while the exact grounds for Plaintiff's motion are somewhat difficult to parse, he affirmatively uses the language of Rule 60(b)(1) in stating that he seeks relief from judgment "based on the . . . mistake, inexcusable neglect[,] inadvertence and surprise of [his] alleged experienced attorney." (Dkt. 61 at 1). Plaintiff also states that his "attorney['s] conduct caused a violation of Rule 60(b) from the filing of the complaint and litigation of the case." (*Id.* at 2).

Since "[r]elief from counsel's error is normally sought pursuant to 60(b)(1) on the theory that such error constitutes mistake, inadvertence or excusable neglect," *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986), the Court finds that Plaintiff's motion is properly construed as seeking relief under Rule 60(b)(1). *See, e.g.*, *Hill v. World Class Auto. Corp.*, No. 06-CV-2496 SLT RLM, 2008 WL 4809445, at *3 (E.D.N.Y. Nov. 4, 2008) ("Where, as here, an attorney's incompetence or neglect is the asserted basis for relief, the motion more properly arises under Rule 60(b)(1).");

*Phelps v. Kapnolas*, No. 94-CV-7543-CJS, 2005 WL 2136917, at *1 (W.D.N.Y. Sept. 2, 2005) ("Plaintiff does not specify under which subsection of Rule 60(b) he seeks relief. However, since he alleges ineffective assistance of counsel, the Court will analyze his application under subsection (1), which is the one under which relief from counsel's error is usually sought[.]" (quotation omitted)).

Because Plaintiff seeks relief under Rule 60(b)(1), he was required to file his motion within one year of the entry of judgment. However, the Clerk of Court entered judgment on March 1, 2024 (Dkt. 56), and Plaintiff's motion was not filed until over 18 months later, on September 10, 2025. The motion is therefore time-barred. Although Plaintiff has pointed to a recent corrections officers' strike and his transfer between multiple correctional facilities as reasons for the belated filing of his motion (*see* Dkt. 61 at 1; Dkt. 58 at 1), even if such circumstances constituted good cause for the delay, the one-year limitations period is "absolute," *Warren*, 219 F.3d at 114, and the Court has no power to enlarge it.

Assuming for the sake of argument that Plaintiff's motion was timely filed, it would still fall short of demonstrating exceptional circumstances warranting relief under Rule 60(b)(1). As best the Court can understand, Plaintiff's motion essentially alleges that his former counsel made strategic errors litigating the issue of whether Plaintiff exhausted his administrative remedies. However, "[m]ere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief." *Nemaizer*, 793 F.2d at 62; *see also Paddington Partners*, 34 F.3d at 1147 ("An

argument based on hindsight regarding how the movant would have preferred to have argued its case does not provide grounds for Rule 60(b) relief, . . . nor does the failure to marshall all known facts in opposition to a summary judgment motion[.]"); *Phelps*, 2005 WL 2136917, at *2 ("neither poor strategy on the part of an attorney, nor disagreement with the strategic decisions of an attorney, are appropriate grounds for relief pursuant to rule 60(b)"). Moreover, it is immaterial whether counsel's purported errors are characterized as "a deliberate choice . . . or a result of their negligence. Neither are grounds for Rule 60(b)(1) relief." *Brooks v. Doe Fund, Inc.*, No. 17CV3626PKCLB, 2020 WL 5706451, at *4 (E.D.N.Y. Sept. 24, 2020).

Where, as here, Plaintiff "voluntarily chose this attorney as his representative in the action, . . . he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *United States v. Cirami*, 535 F.2d 736, 739 (2d Cir. 1976). This is because "an attorney's actions, whether arising from neglect, carelessness or inexperience, are attributable to the client, who has a duty to protect his own interests by taking such legal steps as are necessary." *Nemaizer*, 793 F.2d at 62-63.

In the interest of completeness, the Court further notes that Plaintiff's motion—again, assuming for the sake of argument that it was filed within a reasonable time—would not warrant relief under Rule 60(b)(6). As an initial matter, "[w]here a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). Here, relief under Rule 60(b)(6) is not available because Plaintiff expressly characterizes his motion as being made based on his

former counsel's mistake, inadvertence, and neglect, and relief from such conduct generally falls under 60(b)(1).

But even under Rule 60(b)(6), to justify relief, an "attorney's failures must be 'so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance or constructive disappearance.'" *Webb v. City of New York*, No. 08-CV-5145 CBA JO, 2010 WL 3394537, at *4 (E.D.N.Y. Aug. 23, 2010) (quoting *Harris v. United States,* 367 F.3d 74, 81 (2d Cir. 2004)). Plaintiff does not allege that his former counsel abandoned his case, nor has he shown that his former counsel's "performance approached a level of deficiency that could remotely be deemed 'abandonment.'" *Harris*, 367 F.3d at 82.

For these reasons, Plaintiff's motion for relief from judgment (Dkt. 61) is denied. The Court also denies Plaintiff's letter motion filed on October 1, 2025 (Dkt. 63) as moot. The only relief the Court understands the letter motion to be requesting is an extension of time to file a motion for relief from judgment. (*Id.* at 1). While it is unclear when this undated letter was written, Plaintiff filed the motion for relief from judgment addressed by the Court herein on September 10, 2025. (Dkt. 61). And in any event, as the Court has previously explained, extensions of time to file to file Rule 60(b) motions are not permitted under the Federal Rules. *See* Fed. R. Civ. P. 6(b)(2).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for relief from judgment (Dkt. 61) is denied and his motion for an extension of time (Dkt. 63) is denied as moot.

SO ORDERED.

COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: Rochester, New York
September 28, 2026